IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 11-cr-00341-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. KAVEEN ANNE ROSE,

    Defendant.

_____

**PROTECTIVE ORDER**
_____

The Court, having considered the parties' Stipulation for Protective Order [Docket No. 9], and good cause appearing, makes the following findings:

The Indictment in this case alleges that defendant Rose made a false statement in an application for payment of Social Security benefits in violation of 42 U.S.C. § 408(a)(2), made false statements for use in determining rights to payment of Social Security benefits in violation of 42 U.S.C. § 408(a)(3), concealed events affecting rights to Social Security payments in violation of 42 U.S.C. § 408(a)(4), and stole public money in violation of 8 U.S.C. § 641.  In the course of the government's investigation, the government obtained, among other records, Social Security records concerning the defendant and at least one other individual.  These records contain personal information about this other individual, including home address, social security number, and date of birth.

The government intends to produce this material in discovery to the defense solely for the use of the defendant, her attorney, or other individuals or entities acting within the attorney-client relationship to prepare for the trial in this case.

Based on the above findings, it is

**ORDERED** that:

1.      Defendant, her attorney, and other individuals or entities working for or retained by her attorney who receive materials in this case from the government are prohibited from directly or indirectly providing access to, or otherwise disclosing the contents of, these materials to anyone not working on the defense of this criminal case, or otherwise making use of the materials in a manner unrelated to the defense of this criminal case.  Authorized use of materials related to the defense of this criminal case shall include showing and discussing such materials with government and defense witnesses.

2.      Defendant, her attorney, and other individuals or entities working for or retained by her attorney who receive materials in this case from the government shall maintain all materials received from the government in a manner consistent with the terms of this protective order.  Materials produced to the defense shall be stored in a secure manner by defense counsel in boxes, files, or folders marked "UNDER PROTECTIVE ORDER - DO NOT DISCLOSE."

Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.

      3.    Defendant and her attorney are required to give a copy of this protective order to all individuals or entities engaged or consulted by defense counsel in preparation of the trial in this case.  A knowing and willful violation of this protective order by the defendant, her attorney, or others may result in contempt of court proceedings or other civil or criminal sanctions.

      4.    Within 90 days of the conclusion of this case, including all related appeals, all documents produced pursuant to this protective order, and all copies thereof (other than exhibits of the Court), shall be returned to the United States Attorney's Office.  Alternatively, the defendant's attorney may inform the United States Attorney's Office in writing that all such copies have been destroyed.

      5.    The provisions of this order governing disclosure and use of the documents shall not terminate at the conclusion of this criminal prosecution.

DATED September 27, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge